HENRY KEANE (HUGH KENNEDY, Testamentary Executor, substituted) *v.* GOLDSMITH, HABER & CO.

Where an insolvent has given an unjust preference to one creditor over the others, it is for the syndic to bring an action to annul the contract by which such preference is obtained.

A person not a creditor cannot complain.

An executor is authorized to collect claims until the estate is closed, or he is discharged.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.

H. C. *Miller* and T. H. *Clack*, for plaintiff and appellee. J. Ad *Rozier*, for defendants and appellants.

LAND, J. The plaintiff sues as the transferree of *Isaac Hart*, upon the following agreement :

" *Keane* v. *Fisher*—Fifth District Court of New Orleans.

" We hereby agree and bind ourselves to protect *Mr. Isaac Hart*, as surety for *Fisher*, in the above entitled suit, and desire that *Mr. Hart* should defend himself against this suit, and if necessary, take an appeal to the Supreme Court, and we bind ourselves *in solido* to protect him, fully including costs and all incidental expenses.

New Orleans, April 7th, 1853.

(Signed)                    GOLDSMITH, HABER & CO."

The following statement of facts is taken from the opinion of the District Judge : ·

" Plaintiff instituted suit in the Fifth District Court, against *W. P. Fisher & Co.*, for fraud, under the 10th section of the Act of 1840, and the defendant, *Fisher*, was arrested. *Isaac Hart* became surety on a bond, in the sum of $2000, for the release of Fisher.

*Fisher* was convicted by the verdict of a jury, of the fraud, and condemned to pay the amount of plaintiff's claim.

" The conditions of the bond were violated by *Fisher's* leaving the State, without the consent of the court, and plaintiff took a rule on *Hart*, the surety, to make him liable for the amount of the judgment. This rule was made absolute to the extent of $729, with interest and costs, and dismissed as to the remainder of the judgment. From this judgment plaintiff appealed, and on a hearing in the Supreme Court, the judgment was reversed and *Hart* condemned to pay plaintiff $2000, with legal interest from date of the decree, 2d of April, 1855, and costs of the rule in both courts.

" Before *Hart's* liability was fixed as surety on the bond given in the case of *Keane* v. *W. P. Fisher & Co.*, *Goldsmith, Haber & Co.* on the 7th of April, 1853, executed their obligation *in solido* to hold *Hart* harmless as surety for *Fisher*, and bound themselves to protect him, *Hart*, fully including costs and all incidental expenses."

The present suit was formerly before this court on the appeal of plaintiff, and is reported in 12th An. 560. And is now before us on the appeal of defendants, who contend :

First. That *Isaac Hart* never transferred to the plaintiff the obligation sued on.

Secondly. That *Hart* has never paid any portion of the judgment recovered against him by plaintiff, and that until the payment of said judgment, *Hart* can have no cause of action against them.

Thirdly. That if said obligation was ever transferred to plaintiff, it was in fraud of the creditors of *Hart*, who was insolvent at the date of the transfer. And,

Fourthly. That *Hugh Kennedy* is no longer executor of the estate of *Keane*, and has no authority to represent his heirs.

I. There is no written evidence of any transfer, and the parol testimony on the subject is somewhat contradictory as to the nature of the transfer. A part of the testimony goes to show that the obligation was delivered to *Keane*, upon conditions, or events, which have not happened ; another part shows that the transfer was pure and simple, for the exclusive benefit of *Keane*.

*Isaac Hart* was examined as a witness in the cause, and was fully cognizant of the character of plaintiff's demand, and has made no opposition thereto. His knowledge and acquiescence will preclude him from gainsaying the validity of plaintiff's title, and a payment, therefore, by defendants to plaintiff, will be valid and protect them against the pursuit of *Hart*, upon the obligation in controversy.

The acquiescence of *Hart* is a strong corroborating circumstance to show an *unconditional* transfer to the plaintiff. In view of the relation of creditor and debtor existing between the plaintiff and *Hart*, and of all the facts detailed in evidence, we are satisfied of the verity of the unconditional transfer to plaintiff.

II. It has already been decided between these parties, that a right of action lies on the obligation before payment of the judgment by *Hart*. 12 An. 560.

III. We fully concur with the District Judge on this ground of defence, who says, " If *Hart* has given an unjust preference to one creditor over the others, it is for the syndic of *Hart* to bring an action to annul the contract by which the preference is obtained. C. C. 1965. But defendants cannot complain of such transfer, as it is not shown that they are creditors of *Hart.*

IV. On this point, we also concur with the District Judge, who says, " The succession of *Henry Keane* is not closed, nor has the executor been discharged, and until he is discharged, it is competent for him to collect the claims due to the estate."

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs in both courts.

Re-hearing refused.